IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JAMES ALAN WEATHERFORD,<br>TDCJ #01953853, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:17-CV-30 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER TO TRANSFER

The petitioner, James Alan Weatherford (TDCJ #01953853), is a state prisoner incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Weatherford has filed a document indicating that he will file a petition for a writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254 (Dkt. 1). That document indicates that Weatherford expects his habeas petition to be untimely and that he will seek equitable tolling of the applicable limitations period. The Court will not rule on this request. For the reasons set out briefly below, the Court concludes that a transfer is warranted.

Public records and Weatherford's petition indicate that Weatherford is currently incarcerated as the result of 2014 convictions for possession and promotion of child pornography. The convictions were entered against him in Williamson County, Texas (Dkt. 1 at p. 1). According to the TDCJ website, Weatherford is confined at the Stevenson Unit,

which is located in DeWitt County, Texas.

Because Weatherford is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *Wadsworth v. Johnson*, 235 F.3d 959, 961–62 (5th Cir. 2000).

DeWitt County, where Weatherford is presently confined, is located here in the Southern District of Texas, Victoria Division—*see* 28 U.S.C. § 124(b)(5)—but the inquiry does not necessarily end there because Williamson County, where the challenged state court conviction was actually entered, is located in the Western District of Texas, Austin Division. *See* 28 U.S.C. § 124(d)(1). In other words, although Weatherford is currently incarcerated in this division, the conviction that he challenges has no ties to it. Under these circumstances, a transfer is appropriate. *See Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991); *Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970).

The federal habeas corpus statutes provide that a district court for the district in which an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). It is generally the policy of the Southern District of Texas to transfer habeas corpus petitions filed by state prisoners to the division in which the petitioner's underlying conviction was entered. *See* General Order of May 30, 1985. Because the state court conviction at issue in this case was entered in the Western District of Texas, Austin Division, the petition will be transferred to that venue in compliance with Southern District policy.

Accordingly, based on the foregoing, the Clerk of Court is **ORDERED** to **TRANSFER** this habeas corpus proceeding to the United States District Court for the Western District of Texas, Austin Division, and to terminate all pending motions.

The Clerk will provide a copy of this order to the parties.

SIGNED at Victoria, Texas, on _____May 31_____, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE